United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENNY L. PATINO, as trustee of PENNY L. PATINO'S LIVING TRUST,<br><br>    Plaintiff,<br><br>  v.<br><br>RECONTRUST COMPANY, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; BANK OF AMERICA; BANK OF AMERICA HOME LOANS; BAC HOME LOAN SERVICING, L.P.; COUNTRYWIDE HOME LOANS, INC.; THE BANK OF NEW YORK MELLON, formerly known as THE BANK OF NEW YORK as trustee for CERTIFICATE HOLDERS CWALT, INC. 2006 OA 11 MORTGAGE PASS-THROUGH CERTIFICATES,<br><br>    Defendants. | No. C 11-00345 CW<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Docket No. 6) |

    Plaintiff Penny L. Patino, as trustee of Penny L. Patino's Living Trust, brings claims against Defendants ReconTrust Company, N.A., et al., arising from the foreclosure of real property. Plaintiff moves to remand her action to Contra Costa Superior Court. Defendants oppose the motion. The motion was taken under submission on the papers. The Court denied Plaintiff's motion without prejudice to being reset if mediation were to prove unsuccessful. Docket No. 63. Defendants have advised the Court that mediation has been unsuccessful. Docket No. 65. Having considered the papers submitted by the parties, the Court GRANTS Plaintiff's motion to remand. Because the case will be remanded, the Court declines to reset for hearing Plaintiff's and Defendants' other motions.

BACKGROUND

Plaintiff, a California resident, filed her complaint in Contra Costa Superior Court, asserting claims related to the foreclosure of property located at 8 Hermosa Court in Danville, California. Her claims are brought against various Defendants, including ReconTrust, which is allegedly a California citizen.

On January 7, 2011, ReconTrust filed a Declaration of Nonmonetary Status in state court. On January 19, 2011, Plaintiff objected to ReconTrust's filing. In her objection, Plaintiff contended that ReconTrust did not satisfy the requirements of California Civil Code sections 2923.5 or 2924 before it filed a notice of default.[1]

Plaintiff brings claims for (1) wrongful foreclosure based on a violation of Civil Code sections 2923.5 and 2924; (2) quiet title; (3) slander of title; (4) declaratory relief; and (5) intentional infliction of emotional distress. Plaintiff intends to seek a declaration that, among other things, Defendants did not comply with Civil Code section 2923.5.

Defendants ReconTrust, N.A.; Bank of America; BAC Home Loans Servicing, L.P.; Countrywide Home Loans, Inc.; and The Bank of New York Mellon, formerly known as The Bank of New York, as Trustee for

---

[1] In her complaint, Plaintiff refers to a declaration regarding due diligence that Defendants never presented to her. See, e.g., Compl. at 10-11. Along with her motion to be referred to the Court's Alternative Dispute Resolution (ADR) program, Plaintiff included a letter she sent to Defendants' counsel, to which was attached a "California Declaration" by Sheila Stephens, "Mortgage Servicing Specialist II of BAC Home Loan Servicing, LP." See Docket No. 29, at 3. None of the boxes on the declaration, apparently related to the due diligence requirement of Civil Code section 2923.5(g), were checked.

Certificate Holders Cwalt, Inc. 2006 OA 11 Mortgage Pass-Through Certificates removed Plaintiff's action on January 24, 2011 pursuant to the Court's diversity jurisdiction. 28 U.S.C. § 1332.

## LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). Title 28 U.S.C. § 1447(c) provides that if, at any time before judgment, it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded. On a motion to remand, the scope of the removal statute must be strictly construed. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. Courts should resolve doubts as to removability in favor of remanding the case to state court. Id.

## DISCUSSION

Plaintiff argues that, because she and ReconTrust are citizens of California, the Court lacks diversity jurisdiction over her action. Defendants do not dispute that ReconTrust is a California citizen. Instead, they argue that ReconTrust's citizenship should be disregarded because it is a nominal party based on its declaration of non-monetary status filed in state court. They also assert that remand is improper because Plaintiff fraudulently joined ReconTrust to this action. Neither of these arguments is availing.

Under California law, a trustee under a deed of trust that "maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee, . . . may file a declaration of nonmonetary status." Cal. Civ. Code § 2924l(a). If a plaintiff does not object timely to a trustee's filing of such a declaration, "the trustee shall not be required to participate any further in the action or proceeding." Id. § 2924l(d). However, in "the event of a timely objection to the declaration of nonmonetary status, the trustee shall thereafter be required to participate in the action or proceeding." Id. § 2924l(e). Defendants incorrectly assert that Plaintiff did not file a timely objection in state court. Plaintiff provides evidence, and a review of the state court docket shows, that she objected timely to ReconTrust's declaration. Thus, ReconTrust's declaration does not make it a nominal party or excuse it from participating in this case.

Furthermore, Defendants fail to establish that ReconTrust is fraudulently joined. To make a showing of fraudulent joinder, Defendants "must demonstrate that there is no possibility" that Plaintiff will be able to establish a cause of action in state court against ReconTrust. Lantz v. DaimlerChrysler Corp., 2005 WL 1629937, at *1 (N.D. Cal.). There is a general presumption against finding fraudulent joinder, and Defendants carry "a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 1141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). Plaintiff has alleged sufficient facts suggesting that ReconTrust did not satisfy its obligations as

4

trustee under Civil Code section 2923.5 and 2924. Defendants' reference to the tender rule is inapplicable here; there is no evidence that the Hermosa Court property has been sold at a trustee's sale. See, e.g., Delgado v. Bank of Am. Corp., 2009 WL 4163525, at *4 (E.D. Cal.) (discussing requirement of plaintiff to allege tender of indebtedness "to state a cause of action to set aside a foreclosure").

Because ReconTrust is not a nominal party excused from participating in this action and because it was not fraudulently joined, its California citizenship precludes the Court from exercising diversity jurisdiction. Accordingly, because subject matter jurisdiction is lacking, Plaintiff's action will be remanded to state court.

CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand (Docket No. 6). The Clerk shall remand this action to Contra Costa Superior Court and close the file.

IT IS SO ORDERED.

Dated: 2/6/2012

CLAUDIA WILKEN
United States District Judge

5